IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN K. MACIVER INSTITUTE FOR PUBLIC
POLICY and WILLIAM OSMULSKI,

                        Plaintiffs,

   v.

TONY EVERS, in his official capacity as Governor of
the State of Wisconsin,

                        Defendant.

ORDER

19-cv-649-jdp

---

At plaintiffs' request, Dkt. 28, the court consolidated plaintiffs' motion for preliminary injunction with a decision on the merits as provided by Federal Rule of Civil Procedure 65(a)(2), effectively converting plaintiffs' motion into one for summary judgment. The court denied the consolidated motion, concluding that plaintiffs had adduced no evidence that defendant Tony Evers violated their First or Fourteenth Amendment rights in denying them access to his limited-access press events. Dkt. 30. The court asked plaintiffs to show cause why it shouldn't grant summary judgment to Evers under Rule 56(f).

In response, plaintiffs now ask the court to permit them to file a motion for summary judgment that (1) develops legal arguments about who counts as "the press" (on the theory that the question should hinge on the individual journalist rather than the entity that employs him); and (2) develops the factual record about the extent of the MacIver News Service's news-gathering activities and its role within its parent organization, the MacIver Institute. Dkt. 31.

The court will deny plaintiffs' request. When plaintiffs asked to consolidate the decision on the preliminary injunction with a decision on the merits, they signaled that they had gathered and presented all the evidence that they deemed pertinent to the merits of their

claims. *See Proimos v. Fair Auto. Repair, Inc.*, 808 F.2d 1273, 1277–78 (7th Cir. 1987) ("Rule 65(a)(2) allows a judge to consolidate the hearing of a motion for preliminary injunction with the trial on the merits, but he may do this only if the parties consent or if they receive timely notice allowing them to gather and present all the evidence that would be pertinent at a trial on the merits."). It would be unfair to give the plaintiffs a do-over because they don't like the court's decision on the merits.

The decisive issue in this case is whether Evers has, and uses, reasonable, viewpoint-neutral criteria for granting press credentials. The undisputed facts show that he does. The application of the credentialing criteria will sometimes involve the exercise of judgment. Plaintiffs have adduced no evidence that Evers has exercised that judgment unreasonably or to disadvantage their viewpoint, so plaintiffs have no constitutional grievance.

The court will grant summary judgment to Evers under Rule 56(f) for the reasons explained in its March 31, 2020 opinion. The court will direct the clerk of court to enter judgment in Evers's favor and close the case.

ORDER

IT IS ORDERED that:

1. Summary judgment is GRANTED in favor of defendant Tony Evers under Federal Rule of Civil Procedure 56(f).

2. Plaintiffs' request for leave to file a supplemental summary judgment motion, Dkt. 31, is DENIED.

3. Plaintiffs' claims are DISMISSED with prejudice.

4. The clerk of court is directed to enter judgment in favor of defendant and close the case.

Entered April 14, 2020.

                                BY THE COURT:

                                /s/
                                _____
                                JAMES D. PETERSON
                                District Judge